FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2015 APR 21  PM 3: 46

UNITED STATES OF AMERICA

v.

CASE NO. 8:15-CR- 126 23TGW

MUHAMMAD NAJI

18 U.S.C. § 1956
18 U.S.C. § 1343
18 U.S.C. § 982(a)(1) - Forfeiture

## INFORMATION

The United States Attorney charges:

## COUNT ONE
### (MONEY LAUNDERING CONSPIRACY)

### The Conspiracy

1.      Beginning on an unknown date, but no later than in or about

January 2014, and continuing through and including the date of this Information, in

the Middle District of Florida and elsewhere, the defendant,

MUHAMMAD NAJI,

did knowingly and willfully combine, conspire, confederate and agree with other

persons, both known and unknown, to commit offenses against the United States,

specifically, to transport, transmit and transfer, and attempt to transport, transmit

and transfer, funds from a place inside the United States to a place outside the

United States, knowing that the funds involved in the transportation, transmission,

or transfer represented the proceeds of some form of unlawful activity, that is, wire

fraud, in violation of 18 U.S.C. § 1343, and knowing that such transportation,

transmission, or transfer was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(1).

## Manner and Means

The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others, the following:

2.      It was a part of the conspiracy that conspirators would and did utilize interstate wire communications to obtain money from law firms and others by means of materially false and fraudulent pretenses and representations;

3.      It was further part of the conspiracy that defendant NAJI and others would and did open, or cause to be opened, bank accounts at different financial institutions for the purpose of receiving, transmitting, or otherwise obtaining the proceeds of said fraud schemes;

4.      It was further part of the conspiracy that conspirators would and did cause victims to wire the fraudulently obtained proceeds into the aforementioned accounts;

5.      It was further part of the conspiracy that defendant NAJI and other conspirators would and did send the fraudulently obtained proceeds to and from multiple financial institutions, including international ones, in order to conceal and disguise the source of, and to hinder any efforts to locate, the proceeds;

6.     It was further a part of the conspiracy that the defendants and others would and did perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE

1.     The allegations contained in Counts One of this Information are incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

2.     Upon conviction of a violation of Title 18, United States Code, Section 1956, the defendant,

### MUHAMMAD NAJI,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense and any property traceable to such property.

3.     If any of the property described above, as a result of any act or omission of the defendant;

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third party;

      c.  has been placed beyond the jurisdiction of the court;

      d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be

divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property

under the provisions of Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 982(b)(1).

A. LEE BENTLEY, III
United States Attorney

By:  _____

Matthew Jackson
Assistant United States Attorney

By:  _____

Robert A. Mosakowski
Assistant United States Attorney
Chief, Economic Crimes Section

4